Filed 7/13/21  P. v. Bautista CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059737 |
| v. | (Super. Ct. No. 06WF2923) |
| HECTOR ACOSTA BAUTISTA | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Joanna Rehm., under appointment by the Court of Appeal; Hector Acosta Bautista, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant was convicted in 2010 of attempted murder.  In an incident resulting from an earlier humiliation of his gang, appellant went with other gang members on a face-saving mission which resulted in one of his confederates firing two shots intended to hit people involved in the earlier incident.  Appellant admitted he knew that with a gun being taken for retaliation there was a chance someone could be killed and he was there for backup.  He later helped dispose of the gun.  The court sentenced appellant to 55 years to life.  We affirmed the convictions in 2011 but remanded for resentencing.

In October of last year, appellant filed a petition seeking to vacate his attempted murder convictions pursuant to the recently-enacted Penal Code[1] section 1170.95, which changed the law pertaining to murder cases.  That petition was denied by the trial court on the basis that it did not "set forth a prima facie case for relief under the statute."  The statute provides for relief for petitioners convicted of murder under a felony murder or natural and probable consequences theory.  Since appellant was not convicted of murder, the court ruled he was not entitled to relief.

He appealed, and we appointed counsel to represent him.  Counsel filed a brief which set forth the facts of the case and its procedural history.  Counsel did not argue against appellant but advised us she was unable to find issues in the case that had any chance of success.  Appellant was invited to express his own objections to the proceedings against him and did so.

His complaint is that the court ruled he did not qualify for relief after examining the record.  He contends he was entitled to a hearing.  He also contends he received inadequate assistance of counsel at his trial in that his attorney failed to challenge the propriety of introduction of his statements under the *Miranda* decision

---

[1]     All further statutory references are to the Penal Code.

2

(*Miranda v. Arizona* (1966) 384 U.S. 436) (after losing such a motion at the preliminary hearing) and failed to object to the day-of-trial amendment of the information in his case.

The last two issues can be dealt with summarily. We ruled against him on the admissibility of his statements when he appealed his conviction in 2012. And any complaint about inadequacy of counsel pertaining to the amendment of the information was not before the court on this motion. It would have to be raised by writ of habeas corpus, but is barred because it was not raised in his original appeal and cannot be said to be newly discovered.

Nor does appellant fare better as to the issue that was before the court: whether appellant should get a hearing under section 1170.95 regarding his sentencing. His argument that a hearing is required is that the court exceeded its mandate by concluding his case did not involve either a felony murder or natural and probable consequences theory of prosecution. He feels the court must have examined the record of his trial, including jury instructions and evidence submitted, to determine the theory of his prosecution when it should have been limited to "readily ascertainable facts from the record (such as the crime of conviction)."

The error in this theory is that the court did *not* have to go beyond "readily ascertainable facts . . . (such as the crime of conviction)" to reject it. Section 1170.95 pertains to murder cases. Appellant was not convicted of murder; he was convicted of *attempted murder*. To date, every court that has considered whether section 1170.95 provides post-final-judgment relief to someone convicted of attempted murder has concluded it does not. This court is one of those who have so concluded. (*People v. Larios* (2019) 42 Cal.App.5th 956, 968-970, rev. granted Feb. 26, 2020, S259983; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1016-1018, rev. granted Mar. 11, 2020, S259948; *People v. Munoz* (2019) 39 Cal.App.5th 738, 758-766, rev. granted Nov. 26, 2019, S258234.) The issue is presently before the California Supreme Court but the law at the present time is against him.

We find ourselves in agreement with appellate counsel. There is simply no issue here. Appellant's Hail Mary fails because section 1170.95 applies only to cases in which there was a conviction of murder. (*Id.*, subd. (a)(1).) Appellant was not so convicted. He is therefore not eligible for relief under section 1170.95.

With the aid of the briefing submitted by counsel, we not only considered the application of section 1170.95 to appellant's case but also scoured the short record for any other mistakes that might have been made in deciding his petition, as we are required to do when appellate counsel reports an inability to find an appellate issue. (*People v. Wende* (1979) 25 Cal.3d 436.) We have been unable to find any other issues that might be argued in appellant's behalf. Our review is limited to issues pertaining to his section 1170.95 petition, and we can find no flaw in the handling of that.

The order is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.


4